UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CYNTHIA WALKER AND<br>RODNEY JACKSON | CIVIL ACTION |
| VERSUS | NO. 07-3199 |
| ALLSTATE INDEMNITY COMPANY,<br>WASHINGTON MUTUAL BANK, AND<br>WELLS FARGO BANK, N.A. | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court is plaintiffs' motion to remand this case to state court for lack of subject matter jurisdiction. Also before the Court is defendant Allstate's motion to consolidate this case with Case No. 06-10490. Because the amount-in-controversy requirement is not met the Court lacks subject matter jurisdiction over this case. Accordingly, the Court GRANTS plaintiffs' motion to remand and DENIES Allstate's motion to consolidate.

**I.    BACKGROUND**

Hurricane Katrina damaged the plaintiffs' home in Slidell, Louisiana. After the storm, plaintiffs filed claims for property damage under the homeowner's policy with their insurer, Allstate. On August 28, 2006, they filed suit against Allstate in state court, alleging, among other things, bad faith adjustment and breach of contract. They allege that their house is a total loss and seek the full value of their policy, which has a total limit of $174,885. On September 22, 2006, Allstate issued two checks totaling $72,845.38 to the plaintiffs. This payment, however, did not settle the plaintiffs' suit. On November 20, 2006, Allstate removed the case to federal court on diversity grounds. Plaintiffs' insurance coverage suit is Case No. 06-10490, and it is not the subject of the motion to remand.

The checks that Allstate issued to the plaintiffs were made payable to the plaintiffs and their home lender, Washington Mutual. The plaintiffs allege that Washington Mutual advised their attorney that if the plaintiffs mailed the checks to Washington Mutual, it would endorse and return them to the plaintiffs. The plaintiffs then mailed the checks to Washington Mutual. The plaintiffs contend that Washington Mutual then informed them that it would not endorse these checks and return them but instead would retain the full value of the checks and disburse monies to plaintiffs in three installments, so long as

plaintiffs documented the repairs to their home. Washington Mutual then transferred plaintiffs' mortgage to Wells Fargo. The plaintiffs further allege that because they do not have access to their insurance proceeds from Allstate, they are unable to pay their contractors a down payment to begin repair work on their home. Neither the pleadings nor the record indicate whether the plaintiffs or their lender endorsed these insurance claim checks or whether the checks have been negotiated.

On April 25, 2007, the plaintiffs filed a petition for concursus proceedings in state court to adjudicate their claims to the insurance proceeds. In their petition, the plaintiffs request and order requiring defendants to "show cause . . . why any and all Allstate Insurance proceeds paid in connection with the Katrina-related insurance claims of petitioners should not be placed directly in the care of petitioners." They also seek an order either allowing them to deposit the checks into the court registry or, alternatively, directing Allstate to deposit into the court registry a check in the same amount that it previously paid, $72,834.38. On April 30, 2007, the state court ordered Allstate to deposit that amount with the court. On June 8, 2007, invoking the Court's diversity jurisdiction, Washington Mutual and Wells Fargo removed this concursus case to this Court pursuant to 28 U.S.C. §§ 1332, 1441. Allstate consented to removal. Plaintiffs' concursus suit is Case No. 07-3199.

The plaintiffs now move to remand their concursus suit to state court for lack of subject matter jurisdiction because the amount in controversy does not exceed $75,000. Allstate has also filed a motion to consolidate the concursus proceeding with the plaintiffs' insurance coverage suit. It contends that the concursus proceeding and the insurance coverage suit share common issues of law and fact and are therefore appropriate for consolidation.

**II.   DISCUSSION**

    **A.   Plaintiffs' Motion to Remand**

    1.   Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject

matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

    2.   Jurisdictional Amount

Under Fifth Circuit law, if a plaintiff pleads damages less than the jurisdictional amount, this figure will generally control and bar removal. *See Allen*, 63 F.3d at 1335. If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds $75,000, then removal is proper. *See Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335. But if a plaintiff establishes with legal certainty that the claims are for less than $75,000, then she can defeat removal. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

In their petition for concursus proceedings, plaintiffs specifically request that $72,834.38 be placed in the registry of the court. On its face, the amount in controversy in the plaintiffs' petition is less than the jurisdictional amount. Also, the plaintiffs stipulate that they seek to recover only this amount. (*See* R. Doc. 6-3.) Thus, it would appear that the Court lacks subject matter jurisdiction over this case.

Despite plaintiffs' stipulation that they seek only $72,834.38, the defendants contend that the amount in controversy exceeds $75,000. In their notice of removal, the home lenders

5

argue that the jurisdictional amount is met because the plaintiffs' *coverage* claim exceeds $75,000 and plaintiffs state in their petition for concursus proceedings that they "also anticipate that there will be future payments made by Allstate which will be equally impossible to negotiate." (¶ 17, R. Doc. 1-3 at 4.) They argue that plaintiffs' request for the show-cause order implicitly applies to all past insurance claim proceeds and any future payments that Allstate might make.  Allstate argues that the amount in controversy does in fact exceed $75,000 because the state court has ordered it to pay an additional $72,834.38 into that court's registry, bringing the total amount that Allstate is required to pay to $145,668.76.

The defendants have not carried their burden. The home lenders ignore plaintiffs' statement that they seek to adjudicate only their rights to the money that Allstate has already paid on their insurance claim. Allstate's claim that it has already paid the plaintiffs might be a defense to any state court order directing it to pay the same amount again, but it does not overcome the explicit statement in plaintiffs' petition and their binding stipulation that they seek only $72,834, which is below the jurisdictional amount. Therefore, the Court lacks subject matter jurisdiction over this case.

   B.   Allstate's Motion to Consolidate

Since the Court lacks jurisdiction over the plaintiffs' concursus suit, it has no authority to consolidate it with the plaintiffs' coverage case against Allstate. Accordingly, Allstate's motion is denied.


III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand and DENIES Allstate's motion to consolidate.

New Orleans, Louisiana, this __24th__ day of August 2007.


_____
                SARAH S. VANCE
         UNITED STATES DISTRICT JUDGE